702

[No. 18386. Department One. May 12, 1924.]

John E. Hoyt et al., Appellants, v. Paul Burgund et al., Respondents.[1]

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered August 25, 1923, upon findings in favor of the defendants, dismissing an action in tort. Affirmed.

Neil C. Bardsley, for appellants.

McCarthy, Edge & Lantz, for respondents.

Tolman, J.—Appellants, as plaintiffs, brought this action to recover for personal injuries and damage to their automobile, alleged to have been sustained in a collision with defendants' automobile while being driven by their minor son. Defendants, by cross-complaint, sought to recover for like damages to their car. The case was tried to the court sitting without a jury, resulting in findings to the effect that the driver of each car was guilty of negligence directly and proximately resulting in the collision, and that neither can recover from the other. From a judgment accordingly, the plaintiffs have appealed.

There are involved here questions of fact only. Appellants present an interesting theory upon which they base the contention that the trial court erred in its findings; but after a careful consideration of all of the evidence in the case, we can see other theories just as plausible which tend in the other direction. The basis of the controversy is as to the rate of speed each car was traveling, the distance of each from the street intersection where the collision occurred, when seen, or when it should have been seen by the other driver, the exact point where the cars came together, the distance and direction in which they moved after they came in contact, and the like. The only witnesses throwing any strong light on these questions were the drivers of the two cars, and in most particulars their testimony differs very materially. The trial court saw and heard these witnesses, and we cannot say that he was wrong in his findings. Clearly the evidence does not preponderate against them, and the cold record indicates to us a preponderance in their support. To try to quote and analyze the evidence would serve no good purpose.

The judgment appealed from is affirmed.

Main, C. J., Holcomb, Parker, and Mackintosh, JJ., concur.

[1]Reported in 225 Pac. 1119.